IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
|     *Plaintiff,*      ) | |
| ) | Case No. 07 CR 777 |
| v.      ) | |
| ) | Honorable Amy St. Eve, |
| MILES HUNTER,      ) | *Judge Presiding* |
|     *Defendant*.      ) | |

**DEFENDANT MILES HUNTER'S MOTION FOR
RECONSIDERATION OF RELEASE PENDING TRIAL**

    Defendant Miles Hunter, pursuant to the provisions of 18 U.S.C. §3142(c), as well as the Due Process and Excessive Bail Clauses of the Fifth and Eighth Amendments to the Constitution of the United States, respectfully requests the Court to reconsider the order of detention previously entered and order the defendant's release on conditions pending trial. The following is offered in support of this motion.

    1.    On November 28, 2007, agents of the Federal Bureau of Investigations arrested the defendant based upon alleged drug transactions occurring in December 2004, and January 2005. Defendant appeared before Magistrate Judge Jeffrey Cole for an initial appearance that same day.

    2.    On December 7, 2007, the defendant appeared with prior counsel and, following a preliminary examination, Judge Cole entered a finding of probable cause. Thereafter, the Magistrate ordered detention based on risk of flight and danger to the community[1]. However, Judge Cole indicated a willingness to revisit the issue of bond if, "there's sufficient collateral that it's a real impetus for Mr. Hunter to stay." Detention hearing transcript, p. 50.

---

[1] A copy of the hearing transcript will be provided to the Court with the courtesy copy of this motion.

1

3.  Since the detention hearing, the defendant has retained the undersigned attorney, and requests that this Court reconsider the detention order in light of his ability to demonstrate that there are now conditions, or combination of conditions, that will reasonably assure the defendant's appearance in court pending trial on this matter, and which will assure the safety of the community. *See*, 18 §U.S.C. 3142(c)(1).

4.  One such condition is that the defendant and his family have substantial property to post. Presently, the defendant's wife and mother are willing to pledge five properties with a combined estimated equity value of $260,000 in support of the defendant's pretrial release. The defendant and his wife of 23 years, Salene Hunter, own their home located at 20123 Driftwood, Lynwood, Illinois, where they reside with their children, ages six, eleven, and twenty-four, as well as another daughter who resides at the home when she is on break from her studies at Tennessee State University. The property was last appraised in March, 2004, and was valued at $275,000. Adjusting for the mortgage, the home contains an estimated $50,000 in equity. Should the Court consider the defendant's request, an updated appraisal would be obtained.

Also, the defendant and his wife own property located at 1048 West 55th Street, Chicago, Illinois. This property is a three-unit building that has recently been appraised at $420,000. The equity in this property is approximately $35,000. In addition, they own the property at 501 East 88th Street, Chicago, Illinois, which has approximately $22,000 in equity. Mrs. Hunter is willing to pledge her interest in both of these properties.

The defendant's mother, Rose Driver, has two properties to offer as bond in support of the defendant's release. Mrs. Driver has resided at 839 West 50th Street, Chicago, Illinois, for over 30 years and continues to live at the property with her husband, James Driver. In a July, 2007, appraisal, the value was estimated at $171,000. There is approximately $44,000 in equity

in the home. Finally, Mrs. Driver owns a property at 846 West 50th Street, Chicago, Illinois. This property was appraised in July, 2007, as having a value of $285,000. Adjusting for the mortgage, there is approximately $110,000 in equity in this property. Should the Court consider the defendant's request for pretrial release, a current appraisal would be obtained for both Mrs. Driver's properties.

5.   Mrs. Hunter has worked for the United States Postal Service for over twenty years and has a retirement account valued at $121,000. Aside from posting real estate as security for her husband's release, Mrs. Hunter is willing to post the entirety of her retirement account.

6.   The defendant would also agree to additional conditions, which would include a third-party custodian, regular appointments with a pretrial officer, and electronic monitoring, or any other condition set forth in 18 U.S.C. §3142(c)(1).

7.   In light of the substantial assets that can be posted on the defendant's behalf, including the family home, as well as the magistrate court's previous comments indicating that it would reconsider the matter if sufficient assets could be offered, the defendant respectfully requests the Court to allow his release pending trial.

Respectfully submitted,

/s/ Susan M. Pavlow
Attorney for defendant

SUSAN M. PAVLOW
Attorney for Defendant
53 West Jackson Boulevard, Suite 1460
Chicago, Illinois 60604
312-322-0094
Facsimile 312-362-9907

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that Defendant's Motion for Reconsideration of Release Pending Trial was served on March 28, 2008, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                            /s/ Susan M. Pavlow
                                            Attorney for defendant