UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 777-1 |
| v. | ) | |
| | ) | Judge Amy J. St. Eve |
| | ) | |
| MILES HUNTER | ) | |

## ASSIGNMENT OF RETIREMENT BENEFIT

Pursuant to the Pretrial Release Order entered in the above-named case on _July 31_, 2008 and for and in consideration of bond being set by the Court for defendant MILES HUNTER, in the amount of $ _462,000_ , being partially secured by the retirement benefit plan described more fully below, SALENE HUNTER warrants and agrees:

1.    In the event that defendant MILES HUNTER is found to have violated the conditions of release as set by the Court in the subject case, SALENE HUNTER ("Assignor") hereby forfeits, assigns and otherwise transfers ("assigns") to the United States of America, in care of the United States District Court for the Northern District of Illinois ("Assignee") all rights, title and interest held by Assignor in and to the retirement benefit plan described as follows:

benefit plan assigned to SALENE HUNTER, provided by the managed by , account number

2.    Assignor SALENE HUNTER warrants that she has the full right and authority to transfer her rights in the above retirement benefit plan and that her rights in the above-described plan are free of lien, encumbrance or adverse claim.  Assignor further warrants that the account balance as of June 30, 2008, is approximately $125,247.55.  Assignor anticipates that she may withdraw or borrow no more than $50,000 from this account.

3.    Assignor SALENE HUNTER acknowledges that she will immediately forfeit any and all rights whatsoever that she previously held in the above-described retirement benefit plan should the defendant MILES HUNTER fail to appear as required by the Court or otherwise violate any condition of the Court's order of release.  Further, in the event that the Court declares the above-described retirement benefits plan as forfeit to the United States, the assignor SALENE HUNTER agrees to execute any documents necessary to effectuate the transfer of her interest in the above-described retirement benefits plan.

Dated: _7/31/08_

SALENE HUNTER, Assingor

Date: _7/31/08_

Witness

State of <u>Illinois</u>, County of <u>Cook</u>, ss.  I, the undersigned, a Notary Public in and for said County, in the State aforesaid, DO HEREBY CERTIFY that **SALENE HUNTER,** personally known to me to be the same person whose name subscribed to the foregoing instrument, appeared before me this day in person, and acknowledge that she signed, sealed and delivered the said instrument as her free and voluntary ac, for the uses and purposes therein set forth.

Given under my hand and official seal, this ___36___ day of <u>July, 2008</u> .

NOTARY PUBLIC SIGNATURE

Commission expires _4/01/2012_ .
DATE

OFFICIAL SEAL
CATHERINE A. MILLER
Notary Public - State of Illinois
My Commission Expires Apr 01, 2012

2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 CR 777-1 |
| MILES HUNTER | ) | Judge Amy J. St. Eve |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on

_July 31_____, 2008 and for and in consideration of bond being set by the Court for defendant

MILES HUNTER, in the amount of $_462,000___, being partially secured by real property,

MILES HUNTER and SALENE HUNTER hereby warrant and agree:

1.      MILES HUNTER and SALENE HUNTER warrant that they are the sole record

owners and titleholders of the real property located at:                    Chicago, Illinois,

described legally as follows:

> LOT 1 IN BLOCK 31 IN S.E. GROSS SUBDIVISION OF BLOCKS 27 TO
> 42, BOTH INCLUSIVE, OF DAUPHIN PARK, SECOND ADDITION, A
> SUBDIVISION OF THE WEST ½ OF THE NORTHEAST 1/4 OF
> SECTION 3, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD
> PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.
>
> Permanent Index Number: 25-03-209-001-0000.

MILES HUNTER and SALENE HUNTER warrant that there is one outstanding mortgage against

the subject property and that the equitable interest in the real property is at least $_84,000____.

2.      MILES HUNTER and SALENE HUNTER agree that their equitable interest in the

above-described real property may be forfeit to the United States of America should the defendant

MILES HUNTER fail to appear as required by the Court or otherwise violate any condition of the

Court's order of release. MILES HUNTER and SALENE HUNTER further understand and agree

that, if defendant MILES HUNTER should violate any condition of the Court's release order, and their equity in the property is less than $ _84,000_ , they will be liable to pay any negative difference between the bond amount of $_462,000_ and their equitable interest in the property, and MILES HUNTER and SALENE HUNTER hereby agree to the entry of a default judgment against them for the amount of any such difference. MILES HUNTER and SALENE HUNTER have received a copy of the Court's release order and understand its terms and conditions. Further, the sureties understand that the only notice they will receive is notice of court proceedings.

3.     MILES HUNTER and SALENE HUNTER further agree to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. MILES HUNTER and SALENE HUNTER understand that should defendant MILES HUNTER fail to appear or otherwise violate any condition of the Court's order of release, the United States may obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.     MILES HUNTER and SALENE HUNTER further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.     MILES HUNTER and SALENE HUNTER further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond

2

set for defendant MILES HUNTER, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. MILES HUNTER and SALENE HUNTER agree that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.    MILES HUNTER and SALENE HUNTER hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 7/31/08

**MILES HUNTER**
**DEFENDANT/GRANTOR**

Date: 7/31/08

**SALENE HUNTER**
**GRANTOR**

Date: 7/31/08

Witness

Return to:

Katie Miller
U.S. Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 CR 777-1 |
| MILES HUNTER | ) | Judge Amy J. St. Eve |

## FORFEITURE AGREEMENT

Pursuant to the Pretrial Release Order entered in the above-named case on _July 31_, 2008 and for and in consideration of bond being set by the Court for defendant MILES HUNTER, in the amount of $ _462,000_, being partially secured by real property, MILES HUNTER and SALENE HUNTER hereby warrant and agree:

1.    MILES HUNTER and SALENE HUNTER warrant that they are the sole record owners and titleholders of the real property located at:                                                Chicago, Illinois, Illinois, described legally as follows:

THE WEST 25 FEET OF LOT 3 AND THE EAST 11.5 FEET OF LOT 4 IN BLOCK 7 IN GAYLORD SUBDIVISION, BEING A SUBDIVISION OF PART OF THE SOUTHWEST 3/4 OF THE SOUTHEAST 3/4 OF SECTION 8, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK COUNTY, ILLINOIS.

Permanent Index Number: 20-08-425-036-0000.

MILES HUNTER and SALENE HUNTER warrant that there is one outstanding mortgage against the subject property and that the equitable interest in the real property is at least $ _35,000_.

2.    MILES HUNTER and SALENE HUNTER agree that their equitable interest in the above-described real property may be forfeit to the United States of America should the defendant MILES HUNTER fail to appear as required by the Court or otherwise violate any condition of the Court's order of release. MILES HUNTER and SALENE HUNTER further understand and agree

that, if defendant MILES HUNTER should violate any condition of the Court's release order, and their equity in the property is less than $ 35,000 , they will be liable to pay any negative difference between the bond amount of $ $462,000 and their equitable interest in the property, and MILES HUNTER and SALENE HUNTER hereby agree to the entry of a default judgment against them for the amount of any such difference. MILES HUNTER and SALENE HUNTER have received a copy of the Court's release order and understand its terms and conditions. Further, the sureties understand that the only notice they will receive is notice of court proceedings.

3.     MILES HUNTER and SALENE HUNTER further agree to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. MILES HUNTER and SALENE HUNTER understand that should defendant MILES HUNTER fail to appear or otherwise violate any condition of the Court's order of release, the United States may obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.     MILES HUNTER and SALENE HUNTER further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.     MILES HUNTER and SALENE HUNTER further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond

2

set for defendant MILES HUNTER, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. MILES HUNTER and SALENE HUNTER agree that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.    MILES HUNTER and SALENE HUNTER hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 7/31/08

**MILES HUNTER**
**DEFENDANT/GRANTOR**

Date: 7/31/08

**SALENE HUNTER**
**GRANTOR**

Date: 7/31/08

Witness

Return to:

Katie Miller
U.S. Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　v.　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　No. 07 CR 777-1
MILES HUNTER　　　　　　　　　)　　Judge Amy J. St. Eve

<u>FORFEITURE AGREEMENT</u>

Pursuant to the Pretrial Release Order entered in the above-named case on

<u>July 31</u>, 2008 and for and in consideration of bond being set by the Court for defendant

MILES HUNTER, in the amount of $<u>462,000</u>, being partially secured by real property,

MILES HUNTER and SALENE HUNTER hereby warrant and agree:

　　　　1.　　　MILES HUNTER and SALENE HUNTER warrant that they are the sole record

owners and titleholders of the real property located at:　　　　　　　<u>Lynwood, Illinois,</u>

described legally as follows:

> ALL THAT CERTAIN PARCEL OF LAND LYING AND BEING
> SITUATED IN THE COUNTY OF COOK, STATE OF ILLINOIS, TO-WIT:
> LOT 4 IN DRIFTWOOD ESTATES SUBDIVISION, BEING A
> SUBDIVISION OF THE SOUTH 827.36 FEET OF THE NORTH 927.36
> FEET OF THE SOUTH 3/4 OF THE SOUTHEAST 1/4 OF THE
> SOUTHEAST 1/4 OF SECTION 7, TOWNSHIP 35 NORTH, RANGE 15
> EAST OF THE THIRD PRINCIPAL MERIDIAN (EXCEPT THAT PART
> THEREOF FALLING IN LYNWOOD TERRACE UNIT NO. 4,
> RECORDED FEBRUARY 24, 1977 AS DOCUMENT NO. 23830034 IN
> COOK COUNTY, ILLINOIS) RECORDED AUGUST 20, 1999 AS
> DOCUMENT NO. 99-799452 IN COOK COUNTY, ILLINOIS. DEED
> RESTRICTION FOR LOT 4 IN DRIFTWOOD ESTATES SUBDIVISION:
> THE OWNER OF LOT 4 IS PROHIBITED FROM FILLING ANY
> PORTION OF THE LOT ABOVE THE ELEVATIONS SHOWN ON THE
> APPROVED ENGINEERING PLAN FOR THE LOT ON FILE AT THE
> VILLAGE HALL.  REGRADING OF ANY PORTION OF THE LOT
> SHALL ONLY BE PERMITTED AFTER A GRADING STUDY HAS
> BEEN APPROVED BY THE VILLAGE ENGINEER. THE OWNER OF
> THE LOT SHALL BE PERMITTED TO PLANT LANDSCAPE

MATERIALS AND TREES PROVIDED THAT INSTALLATION DOES
NOT RAISE OR LOWER THE APPROVED GRADING ON THE LOT.

Permanent Index Number: 33-07-401-027-0000.

MILES HUNTER and SALENE HUNTER warrant that there are two outstanding mortgages against
the subject property and that their equitable interest in the real property is at least $ *121,000* .

2.      MILES HUNTER and SALENE HUNTER agree that their equitable interest in the
above-described real property may be forfeit to the United States of America should the defendant
MILES HUNTER fail to appear as required by the Court or otherwise violate any condition of the
Court's order of release. MILES HUNTER and SALENE HUNTER further understand and agree
that, if defendant MILES HUNTER should violate any condition of the Court's release order, and
their equity in the property is less than $ *121,000* , they will be liable to pay any negative
difference between the bond amount of $ *462,000* and their equitable interest in the
property, and  MILES HUNTER and SALENE HUNTER hereby agree to the entry of a default
judgment against them for the amount of any such difference. MILES HUNTER and SALENE
HUNTER have received a copy of the Court's release order and understand its terms and conditions.
Further, the sureties understand that the only notice they will receive is notice of court proceedings.

3.      MILES HUNTER and SALENE HUNTER further agree to execute a quitclaim deed
in favor of the United States of America, which deed shall be held in the custody of the Clerk of the
United States District Court, Northern District of Illinois, until further order of the Court. MILES
HUNTER and SALENE HUNTER understand that should defendant MILES HUNTER fail to
appear or otherwise violate any condition of the Court's order of release, the United States may
obtain an order from the Court authorizing the United States to file and record the above-described

2

deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.     MILES HUNTER and SALENE HUNTER further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.     MILES HUNTER and SALENE HUNTER further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant MILES HUNTER, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. MILES HUNTER and SALENE HUNTER agree that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.    MILES HUNTER and SALENE HUNTER hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct.  Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.


Date: 7/31/08

**MILES HUNTER**
**DEFENDANT/GRANTOR**


Date: 7/31/08

**SALENE HUNTER**
**GRANTOR**


Date: 7/31/08

Witness


Return to:

Katie Miller
U.S. Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604


4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 CR 777-1 |
| MILES HUNTER | ) | Judge Amy J. St. Eve |

<u>FORFEITURE AGREEMENT</u>

Pursuant to the Pretrial Release Order entered in the above-named case on

July 31, 2008 and for and in consideration of bond being set by the Court for defendant

MILES HUNTER, in the amount of $ 402,000, being partially secured by real property,

JAMES K. K. DRIVER AND ROSIE J. DRIVER hereby warrant and agree:

    1.    JAMES K. K. DRIVER AND ROSIE J. DRIVER warrant that they are the sole record

owners and titleholders of the real property located at:       <u>Chicago, Illinois,</u>

described legally as follows:

        LOTS 33 AND 34 IN BLOCK 2 IN LIBRARY SUBDIVISION IN THE
        NORTHEAST 1/4 OF SECTION 8, TOWNSHIP 35 NORTH, RANGE 14
        EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY,
        ILLINOIS

        Permanent Index Number: <u>20-08-213-023-0000</u>.

JAMES K. K. DRIVER AND ROSIE J. DRIVER warrant that there is one outstanding mortgage,

one Municipal Code Violation, and one Statutory Lien against the subject property and that the

equitable interest in the real property is at least $ 108,500.

    2.    JAMES K. K. DRIVER AND ROSIE J. DRIVER agree that their equitable interest

in the above-described real property may be forfeit to the United States of America should the

defendant MILES HUNTER fail to appear as required by the Court or otherwise violate any

condition of the Court's order of release. JAMES K. K. DRIVER AND ROSIE J. DRIVER further understand and agree that, if defendant MILES HUNTER should violate any condition of the Court's release order, and their equity in the property is less than $ _108,500_ , they will be liable to pay any negative difference between the bond amount of $ _462,000_ and their equitable interest in the property, and JAMES K. K. DRIVER AND ROSIE J. DRIVER hereby agree to the entry of a default judgment against them for the amount of any such difference. JAMES K. K. DRIVER AND ROSIE J. DRIVER have received a copy of the Court's release order and understand its terms and conditions. Further, the sureties understand that the only notice they will receive is notice of court proceedings.

3.      JAMES K. K. DRIVER AND ROSIE J. DRIVER further agree to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. JAMES K. K. DRIVER AND ROSIE J. DRIVER understand that should defendant MILES HUNTER fail to appear or otherwise violate any condition of the Court's order of release, the United States may obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.      JAMES K. K. DRIVER AND ROSIE J. DRIVER further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.      JAMES K. K. DRIVER AND ROSIE J. DRIVER further understand that if they have

knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond set for defendant MILES HUNTER, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. JAMES K. K. DRIVER AND ROSIE J. DRIVER agree that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.    JAMES K. K. DRIVER AND ROSIE J. DRIVER hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 7/31/08

JAMES K. K. DRIVER
DEFENDANT/SURETY/GRANTOR

Date: 7-31-08

ROSIE J. DRIVER
DEFENDANT/SURETY/GRANTOR

Date: 7-31-0ᶜ

Witness

Return to:    Katie Miller, U.S. Attorney's Office, 219 S. Dearborn, 5th Floor, Chicago, Illinois 60604

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07 CR 777-1 |
| MILES HUNTER | ) | Judge Amy J. St. Eve |

<u>FORFEITURE AGREEMENT</u>

Pursuant to the Pretrial Release Order entered in the above-named case on

_July 31_____, 2008 and for and in consideration of bond being set by the Court for defendant

MILES HUNTER, in the amount of $ _462,000_____, being partially secured by real property,

JAMES DRIVER AND ROSIE J. DRIVER hereby warrant and agree:

1.    JAMES DRIVER AND ROSIE J. DRIVER warrant that they are the sole record

owners and titleholders of the real property located at:                 _Chicago, Illinois,_

described legally as follows:

> LOT 36 IN BLOCK 5 IN LIBRARY SUBDIVISION OF THE SOUTHEAST
> 1/4 OF THE NORTHEAST 1/4 OF SECTION 8, TOWNSHIP 38 NORTH,
> RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK
> COUNTY, ILLINOIS.
>
> Permanent Index Number: <u>20-08-219-008-0000</u>.

JAMES DRIVER AND ROSIE J. DRIVER warrant that there are two outstanding mortgages against

the subject property and that the equitable interest in the real property is at least $ _40,000_____.

2.    JAMES DRIVER AND ROSIE J. DRIVER agree that their equitable interest in the

above-described real property may be forfeit to the United States of America should the defendant

MILES HUNTER fail to appear as required by the Court or otherwise violate any condition of the

Court's order of release. JAMES DRIVER AND ROSIE J. DRIVER further understand and agree

that, if defendant MILES HUNTER should violate any condition of the Court's release order, and their equity in the property is less than $ *40,000* , they will be liable to pay any negative difference between the bond amount of $ *402,000* and their equitable interest in the property, and JAMES DRIVER AND ROSIE J. DRIVER hereby agree to the entry of a default judgment against them for the amount of any such difference. JAMES DRIVER AND ROSIE J. DRIVER have received a copy of the Court's release order and understand its terms and conditions. Further, the sureties understand that the only notice they will receive is notice of court proceedings.

3.     JAMES DRIVER AND ROSIE J. DRIVER further agree to execute a quitclaim deed in favor of the United States of America, which deed shall be held in the custody of the Clerk of the United States District Court, Northern District of Illinois, until further order of the Court. JAMES DRIVER AND ROSIE J. DRIVER understand that should defendant MILES HUNTER fail to appear or otherwise violate any condition of the Court's order of release, the United States may obtain an order from the Court authorizing the United States to file and record the above-described deed, and to take whatever other action that may be necessary to perfect its interest in the above-described real property and satisfy the obligation arising from a breach of the bond.

4.     JAMES DRIVER AND ROSIE J. DRIVER further agree that they will maintain the subject property in good repair, pay all taxes and obligations thereon when due, and will take no action which could encumber the real property or diminish their interest therein, including any effort to sell or otherwise convey the property without leave of Court.

5.     JAMES DRIVER AND ROSIE J. DRIVER further understand that if they have knowingly made or submitted or caused to be made or submitted any false, fraudulent or misleading statement or document in connection with this Forfeiture Agreement, or in connection with the bond

2

set for defendant MILES HUNTER, they are subject to a felony prosecution for making false statements and making a false declaration under penalty of perjury. JAMES DRIVER AND ROSIE J. DRIVER agree that the United States shall file and record a copy of this Forfeiture Agreement with the Cook County Recorder of Deeds as notice of encumbrance in the amount of the bond.

6.    JAMES DRIVER AND ROSIE J. DRIVER hereby declare under penalty of perjury that they have read the foregoing Forfeiture Agreement in its entirety, and the information contained herein is true and correct. Failure to comply with any term or condition of this agreement will be considered a violation of the release order authorizing the United States to request that the bond posted for the release of the defendant be revoked.

Date: 7/31/08

**JAMES DRIVER**
**GRANTOR**

Date: 7/31/08

**ROSIE J. DRIVER**
**GRANTOR**

Date: 7/31/08

Witness

Return to:

Katie Miller
U.S. Attorney's Office
219 S. Dearborn, 5th Floor
Chicago, Illinois 60604

3